# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYFIELD JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-1521 CDP |
| MISSOURI DEPT. OF MENTAL HEALTH et al., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rayfield Johnson, a detainee at the Sexual Offender Rehabilitation and Treatment Services ("SORTS"), for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. §1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is legally frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action fails to state a claim upon which relief can be

granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action against the Missouri Department of Mental Health, Fulton State Hospital and the Missouri State Government. He also names Governor Jeremiah Jay Nixon as a defendant in this action, as well as Director of the Dept. of Mental Health, Mark Stringer, and former Director, Keith Schafer.

Plaintiff asserts that defendants are liable for his physical and mental "psychiatric abuse, emotional distress and mental suffering." Plaintiff states that defendants failed to have his mother contacted and have misappropriated state funds by using banks and lending to private sources. Plaintiff does not believe money is being used in the SORTS program for real therapies, and he states that millions of dollars are being defrauded from the federal government.

## Discussion

The instant action will be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Additionally, a claim against the Missouri Department of Mental Health and Fulton State Hospital is, in effect, a claim against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Similarly, plaintiff's claims against the individual defendants in their official capacity are also subject to dismissal. *Id.* Plaintiff's claims against the individual defendants in their individual capacity are subject to dismissal because plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. See *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d

1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of June, 2017.

                        CATHERINE D. PERRY
                        UNITED STATES DISTRICT JUDGE

---

[1] The complaint does not contain any allegations relative to the "John and Jane Doe Defendants" named in the caption of the complaint. Therefore, these defendants are also subject to dismissal at this time. *See Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).